IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Trustees of the Plumbers and Pipefitters National Pension Fund, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:10cv950 (JCC/TRJ) |
| American Piping & Mechanical, Inc., | ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

This case is before the court on plaintiffs' motion for default judgment against defendant American Piping & Mechanical, Inc. (docket no. 8). Process for defendant was served by private process server on its registered agent on September 20, 2010. No answer or other response to the complaint has been filed. The Clerk entered default on November 17, 2010 (docket no. 6).

### Jurisdiction and Venue

The court has subject matter jurisdiction under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145). Venue is proper in this court under 29 U.S.C. § 1132(e)(2) (ERISA § 502(e)(2)). The complaint alleges facts on which the court has personal jurisdiction over defendants under Fed. R. Civ. P. 4(k) and Va. Code § 8.01-328.1(A)(1).

### Fact Summary

The following facts are established by the complaint and by plaintiffs' affidavits in support of default judgment.

Plaintiffs, Trustees of the Plumbers & Pipefitters National Pension Fund (hereinafter the "National Pension Fund"), are the trustees of a multi-employer employee benefit plan, as defined in 29 U.S.C. §§ 1002(3) and (37) (ERISA §§ 3(3) and 3(37)). Pls.' Compl. ¶ 1. Establishment and maintenance of the National Pension Fund is pursuant to a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between United Association Local Union No. 120 ("Local 120") and defendant. *Id*.

Defendant American Piping & Mechanical, Inc. is an Ohio corporation existing under the laws of the State of Ohio with an office located in Ohio. Pls.' Compl. ¶ 2. Defendant transacts business in the State of Ohio as a contractor or subcontractor in the plumbing and pipefitting industry. *Id*. At all times herein, defendant was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the Labor-Management Relations Act ("LMRA") (29 U.S.C. §§ 142(1), (3), and 152(2)); 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14) (ERISA §§ 3(5), (9), (11), (12), and (14)); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. § 1001(a)).

Defendant entered into the aforementioned Collective Bargaining Agreement (the "Agreement") with Local 120, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. Pursuant to the Agreement, defendant agreed to pay the National Pension Fund certain sums of money for each hour worked by employees of the defendant covered by the Agreement. Pls.' Compl. ¶¶ 4-6. Defendant employed certain covered employees during the months of October 2009 and January 2010 through June 2010 within Local 120's jurisdiction as to the National Pension Fund, and continuing. Pls.' Compl. ¶¶ 6-7.

Defendant failed to timely pay contributions due and owing to the National Pension Fund

on behalf of its employees for work covered by the Agreement performed at defendant's request and to submit reports showing contributions due and owing for the months of October 2009 and January 2010 through June 2010. Pls.' Compl. ¶¶ 7-8; Aff. of William T. Sweeney, Jr. (docket no. 9-1) ¶¶ 5-6. In addition, defendant has failed to pay liquidated damages for its failure to make timely payments to the National Pension Fund for the months of October 2009 and January 2010 through June 2010. Pls.' Compl. ¶¶ 11-12; Aff. of William T. Sweeney, Jr. ¶¶ 10-11.

Consequently, pursuant to the Agreement and under 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)), plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages;[1] (3) interest on contributions which were paid late or remain unpaid;[2] and, (4) reasonable attorneys' fees and the costs of this action.

## Contributions Owed, Interest and Liquidated Damages

Defendant has failed to timely pay contributions due and owing to the National Pension Fund on behalf of its employees for work covered by the Agreement performed at defendant's request for the months of October 2009 and January 2010 through June 2010. Pls.' Compl. ¶ 7; Aff. of William T. Sweeney, Jr. ¶ 5. According to remittance reports submitted by defendant, defendant owes contributions to the National Pension Fund in the amount of $4,482.03 for the months of October 2009 and January 2010 through June 2010. Pls.' Compl. ¶ 8; Aff. of William T. Sweeney, Jr. ¶ 6. The total amount of delinquent contributions is therefore $4,482.03.

Defendant also owes to the National Pension Fund liquidated damages. Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust, if an employer fails to

---

[1] Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust.

[2] Interest is assessed at the rate of 12% per annum, calculated here from the date due through December 17, 2010, and continuing to accrue at the rate of 12% per annum through the date of payment payable to the National Pension Fund.

pay amounts due when such amount become due, the Trustees may assess liquidated damages in the amount of ten percent (10%) of the amount due if payment is not received by the due date. Pls.' Compl. ¶ 11; Aff. of William T. Sweeney, Jr. ¶ 10. Defendant is obligated to the National Pension Fund in the amount of $448.20 in liquidated damages for its late payments for the months of October 2009 and January 2010 through June 2010. Pls.' Compl. ¶ 12; Aff. of William T. Sweeney, Jr. ¶ 10.

In addition, pursuant to the Restated Agreement and Declaration of Trust, defendant owes interest in the amount of $376.18 assessed at a rate of twelve percent (12%) per annum from the date due through December 17, 2010 and continuing through date of payment. Pls.' Compl. p. 5; Aff. of William T. Sweeney, Jr. ¶ 10. Finally, defendant owes attorneys' fees and costs because the National Pension Fund had to take this action to enforce its rights under the contracts. Pls.' Compl. p. 4; Pls.' Mot. for Def. Judgm. ¶ 1; Pls.' Mem. in Supp. of Mot. for Def. Judgm. (docket no. 9) p. 2; Aff. of William T. Sweeney, Jr. ¶ 11; Decl. of John Harney (docket no. 9-2).

The following amounts are due and owing:

| Fund | Delinquent Contributions | Liquidated Damages | Interest[3] |
|---|---:|---:|---:|
| National Pension Fund | $4,482.03 | $448.20 | $376.18 |
| **TOTAL** | **$4,482.03** | **$448.20** | **$376.18** |

### Attorneys' Fees and Costs

The Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)) provide that an employer may be required to pay all attorneys' fees and costs incurred. Plaintiffs' counsel avers under oath that the following is an accurate representation of the

---

[3]Calculated through December 17, 2010.

attorneys' fees and costs incurred in this proceeding:

| Attorneys' Fees | | | |
|---|---|---|---|
| Service | Rate | Time Used | Cost |
| Counsel | $200.00 | 1.0 | $200.00 |
| Paralegal | $120.00 | 7.25 | $870.00 |
| Total | | | **$1,070.00** |

| Costs | |
|---|---|
| Filing Fee | $350.00 |
| Service of Process Fee | $195.00 |
| Computerized Research Fee | $101.29 |
| **TOTAL** | **$646.29** |

The magistrate judge has examined the record and finds that this amount is reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

On these facts, the magistrate judge finds that the submitted pleadings and affidavits establish that plaintiffs are entitled to a default judgment and damages in accordance with the following:

| Total Amount Due | |
|---|---|
| Delinquent Contributions | $4,482.03 |
| Liquidated Damages | $448.20 |
| Accrued Interest[4] | $376.18 |
| Attorneys' Fees | $1,070.00 |
| Costs | $646.29 |
| **Total** | **$7,022.70** |

---

[4]Calculated through December 17, 2010.

**Recommendation**

The magistrate judge recommends that default judgment be entered against defendant American Piping & Mechanical, Inc., in favor of plaintiffs, Trustees of the Plumbers and Pipefitters National Pension Fund in the amount of $7,022.70, plus interest on delinquent contributions continuing to accrue at twelve percent (12%) per annum from December 17, 2010 until full payment is made. The magistrate judge further recommends that the court enjoin defendant from violating the terms of plaintiffs' employee benefit plan and order defendant to submit timely contributions and reports to plaintiffs' fund.

**Notice**

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

January 20, 2011
Alexandria, Virginia